[No. 2673.]

## W. T. CALDWELL *v.* THE STATE.

1. REFUSAL TO RENDER TAX LIST—INDICTMENT for refusing or neglecting to make out and render a list of taxable property, to be sufficient, should contain the following averments:
    1. That the accused was a person required by law to render such list.
    2. That he held or owned taxable property on the first day of January of the year for which the property is required to be listed, naming the year.
    3. That he was called upon in person by the assessor of taxes, or his deputy, to render a list of his taxable property for the year, naming the year, and stating the time when he was so called upon.
    4. That he refused or neglected to make out and render such list of the taxable property held and owned by him on the first day of January of the year for which he was called upon to list. See the opinion *in extenso* for an indictment for failure to render list of taxable property, *held* insufficient.
2. SAME—PLEADING.—Issuable allegations in an indictment should be plain, direct and certain, and not left to inference, or made in such language as to render them of doubtful meaning.

APPEAL from the County Court of Eastland.    Tried below before the Hon. R. M. Black, County Judge.

The opinion discloses the nature of the case.    The penalty imposed by a verdict of conviction was a fine of twenty dollars.

*J. E. Luse,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE.    In this case the indictment upon which defendant was convicted charges as follows:    "That heretofore, to wit, on the twenty-first day of January, A. D., 1882, in the county of Eastland and State of Texas, one W. T. Caldwell, then and there having taxable property, on the first day of January preceding, when called upon by E. R. Thomas, the tax assessor of Eastland county, Texas, for the year A. D. 1882, did refuse to make out and render a list of his taxable property; contrary to law, and against the peace and dignity of the State."    Excep-

tions to the indictment were overruled, and this ruling of the court is assigned as error. This indictment and conviction are based upon Article 113 of the Penal Code, and this Article must be construed with reference to the law governing the rendition of property for taxes. (Chapter 2, Title XCV, Revised Statutes.)

In charging the offense of refusing or neglecting to make out and render a list of taxable property, the indictment, to be sufficient, should contain the following averments:

1. That the defendant was a person required by law to render such list.

2. That he held or owned taxable property on the first day of January of the year for which the property is required to be listed, naming the year.

3. That he was called upon in person by the assessor of taxes, or his deputy, to render a list of his taxable property for the year, naming the year, and the time when he was so called upon; and,

4. That he refused or neglected to make out and render such list of the taxable property held and owned by him on the first day of January of the year for which he was so called upon to list. (Penal Code, Art. 113; Revised Statutes, Arts. 4674, 4675; *Berry* v. *The State*, 10 Texas Ct. App., 315; *Hough* v. *The State*, 12 Texas Ct. App., 343.)

These averments should be plain, direct and certain, and not be left to inference, or made in such language as to render them of doubtful meaning. (*Moore* v. *The State*, 7 Texas Ct. App., 608; *White* v. *The State*, 3 Texas Ct. App., 605.)

In the indictment before us there is no allegation that Caldwell was a person who was required by law to render a list of his taxable property; no allegation that he was called upon *in person*, by the assessor of taxes, or his deputy, to render a list of his taxable property for any particular year, naming such year, and stating the time when he was so called upon. True, there are allegations in the indictment from which these several matters might be inferred, but we are not at liberty to resort to inferences to uphold the indictment.

We think the indictment is defective in matter of substance, and, having this view of it, it is unnecessary that we should consider other questions presented in the record.

The judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

Opinion delivered May 9, 1883.